COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank

JOYCE ANN MYERS
                                            MEMORANDUM OPINION*
v.    Record No. 1428-99-1                      PER CURIAM
                                            NOVEMBER 23, 1999
ANHEUSER BUSCH, INC.,
 ZURICH INSURANCE COMPANY AND
 PACIFIC EMPLOYERS INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Stephen M. Smith; Joseph Smith, LTD., on
            brief), for appellant.

            (Steven H. Theisen; Midkiff & Hiner, P.C., on
            brief), for appellees Anheuser Busch, Inc.
            and Zurich Insurance Company.

            (Bradford C. Jacob; Taylor & Walker, P.C.,
            on brief), for appellees Anheuser Busch,
            Inc. and Pacific Employers Insurance
            Company.


     Joyce Ann Myers (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that she

failed to prove that certain medical expenses incurred by her

since 1996 were causally related to either her August 3, 1979 or

August 13, 1981 compensable injuries by accident.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

_____

      * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

On appeal, claimant relies solely upon an October 21, 1997 letter from Dr. Louis U. Bigliani, an orthopedic surgeon, to support her argument that the commission erred in finding that she failed to prove that her medical treatment since 1996 for her cervical spine problem was causally related to either her August 1979 or August 1981 compensable work-related accidents. In that letter, Dr. Bigliani stated as follows:

> I have been asked to write to you on behalf of my patient, Joyce Myers regarding the history of her cervical spine problem. This problem was diagnosed many years ago and treatment was recommended by Dr. Weidenbaum but did not occur. Mrs. Myters [sic] went on to have continued bilateral scapula pain for which surgery was performed to try and give her some relief. It is possible that the cervical spine problem did contribute to the patients [sic] shoulder and scapula problems as the two are often related.

The commission, as fact finder, was entitled to weigh the medical evidence and to give little probative weight to Dr. Bigliani's October 21, 1997 opinion. Dr. Bigliani did not express his opinion regarding causation with any degree of

-

reasonable probability or medical certainty.  Rather, he merely raised the "possibility" of a causal relationship.  It is well established that "[a] medical opinion based on a 'possibility' is irrelevant [and] purely speculative."  Spruill v. Commonwealth, 221 Va. 475, 479, 271 S.E.2d 419, 421 (1980).

In light of the speculative nature of Dr. Bigliani's opinion and the lack of any other persuasive medical evidence of a causal connection, the commission was entitled to conclude that the evidence failed to prove that the medical treatment at issue was causally related to either of claimant's compensable work-related accidents.  "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing."  Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).

Because the medical evidence was subject to the commission's factual determination, we cannot find as a matter of law that the evidence sustained claimant's burden of proof.  Accordingly, we affirm the commission's decision.[1]

Affirmed.

---

[1] We note that claimant's res judicata argument is without merit and was properly rejected by the commission.  The commission's October 31, 1994 opinion established that claimant's shoulder conditions were related to her 1981 compensable injury.  However, that opinion did not involve the specific issue before the commission and before this Court on appeal as to whether the appellees could be held responsible for specific medical expenses incurred by claimant in 1996 and 1997.

-